1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARYL K. HOWARD, | CASE NO. 1:07-cv-00063-LJO-DLB (PC) |
|           Plaintiff, | FINDINGS AND RECOMMENDATION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIMS AGAINST PSYCHE TECH P. McKINNEY & THE INSTITUTIONAL CLASSIFICATION COMMITTEE |
|    v. | |
| D.R. FOREMAN, et al., | |
|           Defendants. | (Doc. 1) |
| _____/ | |

I.      Screening Order

      A.      Screening Requirement

Plaintiff, Daryl K. Howard, ("plaintiff") is a state prisoner proceeding pro se and in foram pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on January 12, 2007.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

1

1  exceptions," none of which applies to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534

2  U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a

3  short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R.

4  Civ. Pro. 8(a).  "Such a statement must simply give the defendant fair notice of what the

5  plaintiff's claim is and the grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  A court

6  may dismiss a complaint only if it is clear that no relief could be granted under any set of facts

7  that could be proved consistent with the allegations.  Id. at 514.  "'The issue is not whether a

8  plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support

9  the claims.  Indeed it may appear on the face of the pleadings that a recovery is very remote and

10  unlikely but that is not the test.'"  Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting

11  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171

12  (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . .

13  .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))).  However, "the liberal

14  pleading standard . . . applies only to a plaintiff's factual allegations."  Neitze v. Williams, 490

15  U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply

16  essential elements of the claim that were not initially pled."  Bruns v. Nat'l Credit Union Admin.,

17  122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir.

18  1982)).  The court has screened this case and has found cognizable claims stated

19         B.     Plaintiff's Claims

20         The events at issue in the instant action allegedly occurred at Pleasant Valley State Prison

21  in Corcoran, California where plaintiff remains and was incarcerated at the time of the

22  allegations in his complaint. Plaintiff initially alleges that he has been subjected to "some form of

23  torture, in violation of the cruel and unusual punishment clause of the Eighth Amendment to the

24  United States Constitution.  However, because plaintiff sets forth all of his factual allegations in

25  narrative form and fails to identify without specifically stating any specific rights he believes

26  were violated, some difficulty in ascertaining the precise bases for plaintiff's claims results.  In

27  his complaint, plaintiff appears to allege that the conditions of confinement for administrative

28  segregation inmates (which he is) are unconstitutional.  The court finds that plaintiff has stated

2

cognizable claims against, and has ordered that service is appropriate against them.  However, as to defendants Psych Tech P. McKinney and the Institutional Classification Committee, plaintiff has failed to state a cognizable claim, and appears unable to ever do so.

1. <u>Linkage Requirement</u>

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  <u>See</u> <u>Monell v.  Department of Social Services</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

Plaintiff has named a number of defendants in this action and has "Institutional Classification Committee."  However, plaintiff fails to allege any facts for actions by the Institutional Classification Committee that he feels were wrongful.  Also, plaintiff names P. McKinney, psyche tech, as a defendant.  However, the only allegations as to McKinney's actions are that he explained to plaintiff what happened at the November 22, 2006 ICC hearing – that plaintiff was to be on management status until plaintiff accepted a cell mate.  The court is unable to see how this action by McKinney might have risen to the level of a violation of plaintiff's constitutional rights.

II. <u>Conclusion</u>

The court finds that has failed, and will be unable to state a claim against defendants

3

1  Psych Tech P. McKinney and the Institutional Classification Committee of the named

2  defendants.  Accordingly, it is HEREBY RECOMMENDED that plaintiff's claims against

3  defendants Psych Tech P. McKinney and the Institutional Classification Committee be dismissed

4  with prejudice.

5      These Findings and Recommendations will be submitted to the United States District

6  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).

7      Within **thirty (30) days** after being served with these Findings and Recommendations,

8  plaintiff may file written objections with the court.  The document should be captioned

9  "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that

10  failure to file objections within the specified time may waive the right to appeal the District

11  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

12      IT IS SO ORDERED.

13  **Dated:    June 10, 2008           /s/ Dennis L. Beck        **
                                    UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28